PROB12C
Revised 10/13

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PETITION ON SUPERVISED RELEASE** |
| **v.** | |
| **MICHAEL SAMUEL WHEELER** | **DKT. NO. 0976 2:21CR00006** |

COMES NOW Rebecca Thompson, Probation Officer of the Court, presenting an official report upon the conduct and attitude of Michael Samuel Wheeler, who was placed on supervision by the Honorable Fred L. Van Sickle sitting in the Court at Spokane, Washington, on February 24, 2014. The defendant was sentenced to 115 months imprisonment and 3 years supervised release for a violation of 18 § 922: Possession of a Stolen Firearm. Supervision commenced on September 12, 2019, and is set to expire on September 11, 2022. Jurisdiction of the case was transferred to the District of Idaho on January 15, 2021. As noted in the judgment, the Court ordered mandatory, special, and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

RESPECTFULLY REPRESENTING PETITION FOR ACTION OF THE COURT AND FOR CAUSE AS FOLLOWS:

**1) VIOLATION OF MANDATORY CONDITION: "The defendant shall not commit another federal, state, or local crime."**

a) On or about January 11, 2021, in Colville, Washington, the defendant committed the offense of Felony Eluding, in violation of Washington State Code RCW 46.61.024, as evidenced by Stevens County Sheriff's Office report #2100369. The offense is charged in Stevens County District Court and remains pending.

b) On or about January 11, 2021, in Colville, Washington, the defendant committed the offense of Possession of a Controlled Substance, in violation of Washington State Code RCW 69.50.401, as evidenced by Stevens County Sheriff's Office report #2100369. The offense is charged in Stevens County District Court and remains pending.

**2) VIOLATION OF MANDATORY CONDITION: "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of**

**release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court."**

a) On or about June 16, 2020, the defendant used methamphetamine. This is evidenced by the defendant's written admission on June 17, 2020 in Spirit Lake, Idaho.

b) On or about August 10, 2020, the defendant used methamphetamine. On August 11, 2020, the defendant submitted a urine sample at Averhealth, Coeur d'Alene, Idaho which tested positive for methamphetamine, as evidenced by the defendant's verbal admission on August 20, 2020.

**3) VIOLATION OF STANDARD CONDITION: "The defendant shall notify the probation officer at least ten days prior to a change in residence or employment."**

a) On or about December 29, 2020, the defendant moved from his last reported address in Spirit Lake, Idaho as reported by the defendant's mother Joanne Wheeler, during telephone contact on January 8, 2021.  As of the date of this petition, the defendant has not reported a change of address to the probation officer.

b)  On or about January 6, 2021, the defendant was terminated from his employment and failed to inform the probation officer within 72 hours.  On January 8, 2021, the probation officer had collateral contact with J. Hidy, the defendant's employer, who informed the defendant has not been at work since December 21, 2020.

**4) VIOLATION OF SPECIAL CONDITION: "You shall abstain from the use of illegal controlled substances, and shall submit to testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances."**

a) On August 12, 2020, the defendant failed to provide a urinalysis sample for testing as directed at Averhealth, Coeur d'Alene, Idaho, as evidenced by the Notice of Noncompliance.

b) On December 13, 2020, the defendant failed to provide a urinalysis sample for testing as directed at Averhealth, Coeur d'Alene, Idaho, as evidenced by the Notice of Noncompliance.

c) On January 5, 2021, the defendant failed to provide a urinalysis sample for testing as directed at Averhealth, Coeur d'Alene, Idaho, as evidenced by the Notice of Noncompliance.

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C Felony, thus the maximum sentence allowed upon revocation is 2 years.  The most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history category is VI, thus the advisory guideline range for revocation is 21 to 27 months.

**ASSESSMENT OF FLIGHT/DANGER AND BOND RECOMMENDATION:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  The defendant is viewed as presenting a risk of danger to the community and a risk of non-appearance based upon eluding law enforcement, absconding supervision and methamphetamine use. Pursuant to Rule 32.1(a)(6), the burden of establishing that the person will not flee or pose a danger to anyone in the community rests with the defendant.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for the defendant to appear before the Court to answer for the violations alleged.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on January 15, 2021.

Respectfully submitted,

Rebecca Thompson
2021.01.15 10:30:21
-08'00'

_____
U.S. Probation Officer

**ORDER OF COURT**

So, ordered.

DATED: **January 15, 2021**

B. Lynn Winmill
U.S. District Court Judge